**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**KAI WU LU AND KWAI LING CHENG,**

                         **Plaintiffs,**

              - against -                               **ORDER**
                                                                                        04-CV-1097 (CBA)
**TONG ZHEN LU, SHENG QUIONG LOU,**
a/k/a **CASEY DING, MIAO DE ZHANG,**
and **JIN WU CAI,**

                         **Defendants.**
-----------------------------------------------------------X
**Gold, S., United States Magistrate Judge:**

## INTRODUCTION

       This case arises from plaintiffs' decision to invest in a restaurant with defendants. Plaintiffs contend that defendants, who already owned and operated several Chinese restaurants, encouraged plaintiffs to invest more than $80,000 and relocate to Joplin, Missouri to own and operate a new restaurant with defendants there. Amended Complaint ¶¶ 12, 15, 25. Plaintiffs further contend that defendants forced them out of the new business only a few months after it opened, depriving them of the value of their investment. Am. Compl. ¶¶ 32, 40, 43, 46.

       I held a telephone conference in this case on May 18, 2006. At that time, I made rulings with respect to all pending motions with the exception of plaintiffs' motion to compel production of certain documents, and directed counsel to make additional submissions with respect to that motion. *See* Minute Entry for conference held on May 18, 2006, and Transcript, Docket Entry 71 ("Tr."). This order sets forth my ruling on the remaining motion and addresses as well other issues which have arisen since the May 18, 2006 conference.

## MOTION TO COMPEL

On February 20, 2006, plaintiffs moved to compel defendants to produce the financial records – including tax returns, tax forms such as W-2s, payroll records, pay stubs, daily receipt logs, and records of cash tips – of the various restaurants they own and operate *other than* the Joplin restaurant in which plaintiffs made their investment. Affirmation of Mohamad A. Akbik, Docket Entry 48-2 ("Akbik Aff."), ¶¶ 3, 5. Plaintiffs also sought to compel the production of defendants' personal tax returns. Akbik Aff. ¶ 7.

Plaintiffs contend that they are entitled to this discovery because defendants have commingled the assets of their various businesses. Akbik Aff. ¶ 12. The facts relied upon by plaintiffs in support of their motion to compel, however, fail to establish commingling or that the financial records of defendants' other businesses are otherwise relevant to the claims and defenses asserted in this action.

Plaintiffs point out that the various corporations through which defendants operate their businesses did not conduct separate board or shareholder meetings, Akbik Aff. ¶ 14; that the restaurants are all owned and operated by defendants Lu and Lou and employ the same accountant, Akbik Aff. ¶¶ 18, 24; and that all of defendants' restaurant businesses, including the Joplin restaurant, are identified together in one promotional item, Akbik Aff. Ex. D. Plaintiffs also assert that an accountant's report and a small number of other documents concerning the Joplin restaurant bear the name of one of defendants' other restaurants. Akbik Aff. ¶¶ 16-17. However, each of the defendants' restaurants has a similar name, and the fact that the documents on which plaintiffs rely do not accurately reflect the name of the Joplin restaurant is more indicative of clerical error than of commingling of assets. In addition, defendants' accountant,

2

Philip Koonce, submitted an affidavit stating that he prepares separate financial statements and tax returns for each of defendants' restaurants, and that defendants' businesses are not treated as a single corporate entity. Affidavit of Philip Koonce submitted in opposition to plaintiffs' motion to compel, Docket Entry 52-4, ¶ 3. Although plaintiffs had the opportunity to depose Koonce after he submitted the affidavit, they have failed to point to any testimony by Koonce calling into question the statements he made in the affidavit. Taking all of the facts and circumstances into account, I am not persuaded that any information about the finances of the Joplin restaurant will be revealed in the documents pertaining to defendants' other businesses, or that those documents are otherwise relevant to this case.

As noted above, plaintiffs had the opportunity to depose Philip Koonce, the accountant for the various restaurants owned and operated by the defendants, including the Joplin restaurant involved in this case. The deposition was held on March 16, 2006. Counsel called from the deposition seeking a ruling with respect to plaintiffs' attempt to question the accountant about the financial affairs of the other restaurants. During the course of the telephone call from the deposition, I held as follows:

> You can question the accountant about anything having to do with the restaurant in Joplin. When you question the accountant about anything having to do with the restaurant in Joplin, that can include the source of any money loaned to that restaurant. . . . That can include where the profits of the restaurant were recorded and how they were disbursed. That can include whether the profits of the restaurant and the cash generated by the restaurant was used to pay the expenses of any of the parties. That can – you can ask questions about whether the money generated by the restaurant was used to compensate the employees or pay the wages or the insurance or the rent for any of the restaurants. But you may not ask about the cash generated and made by any of the other six restaurants, until you make a showing in this deposition or

> otherwise that there was such commingling that you should be
> entitled to do [so. Y]our current motion papers before this Court
> do not make that showing.

Tr. of Koonce Dep., March 16, 2002, at 59-60.

The same reasoning underlying the ruling I made during Mr. Koonce's deposition – that plaintiffs have failed, through their analysis of the records of the Joplin restaurant or otherwise, to demonstrate the relevance of the financial activities of defendants' other restaurants – applies with equal force to plaintiffs' motion to compel. Moreover, although plaintiffs have had the opportunity since filing their motion to take additional discovery, including in particular the deposition of Mr. Koonce, they have failed to present any information or evidence that was not part of their original motion to compel and that might justify the broad discovery they seek.

During the conference on May 18, 2006, I alerted plaintiffs that I would deny their motion to compel unless they pointed to additional evidence demonstrating the relevance of the documents they seek to discover, and I granted plaintiffs one week to supplement their motion papers. Tr. 16, 21. Plaintiffs have failed to present any new evidence – such as an analysis of Koonce's testimony, or a forensic accountant's findings after reviewing the Joplin restaurant's records – in support of their motion. To the contrary, in their letters submitted since the May 18 conference, plaintiffs reiterate the same evidence they presented in support of their motion when it was first filed. *See* Docket Entries 72, 74. Accordingly, plaintiffs' motion to compel is denied.

## MOTION FOR RECONSIDERATION

By letter dated May 22, 2006, plaintiffs ask me to "revisit" certain rulings I made during the conference on May 18, 2006, asserting that I failed to address certain issues. Docket Entry 70. I construe plaintiffs' letter as a motion for reconsideration.

The first issue plaintiffs contend I overlooked is that defendants sold the Joplin restaurant that is the subject of this litigation on October 24, 2004. *See* Plaintiffs' Letter to the Court dated June 6, 2006, Docket Entry 74. Plaintiffs do not make clear what relief, if any, they seek based upon this fact, although in a subsequent letter dated May 24, 2006, they seek production of the documents relating to the sale. *See* Docket Entry 72. Defendants Lu and Lou, by joint letter dated June 2, 2006, state that these documents have previously been produced in discovery, and produce them again as attachments to the letter. *See* Docket Entry 73. Accordingly, it does not appear that plaintiffs are entitled to any further relief with respect to the sale of the restaurant.

Plaintiffs also contend that, in denying their motion for sanctions, I overlooked their arguments about defendants' attorneys making improper speaking objections and giving unfounded instructions to their clients during defendants' depositions. However, I did consider these contentions before ruling on May 18, 2006, *see* Tr. 9-11, and I see no reason to "revisit" the rulings I made at that time. To the extent plaintiffs also argue that the sale of the restaurant in October 2004 reflects some impropriety on the part of counsel, I see nothing improper in the absence of a lien or other restraint. Moreover, the argument is not timely made, as counsel have been representing the defendants for more than eighteen months since the sale.

Finally, plaintiffs assert that defendants have failed to produce certain records of the Joplin restaurant, including cash logs and tax returns. *See* Plaintiffs' Letter to the Court dated June 6, 2006, at 2. Presumably, these documents are among the accounting records that defendants, during the conference on May 18, represented were available to plaintiffs' counsel for inspection and copying. *See* Tr. 7-9. Counsel are directed to confer and make certain that all of the documents pertaining to the Joplin restaurant have been made available to plaintiffs.

For all these reasons, plaintiffs' motion for reconsideration is denied.

## ORDERS TO DEFENDANTS

During the conference on May 18, 2006, I ordered counsel for the defendants to submit two items to the court. First, in response to plaintiffs' concern that defendants might complain that the practice of defendants' counsel of covering court conferences and discovery events for each other resulted in a conflict of interest, I directed counsel to submit an affidavit from the defendants within two weeks, stating that the defendants are aware that their attorneys have made a practice of appearing for each other, that they are aware that they have asserted cross-claims against each other, and that they waive any right to object to or appeal from any judgment that might be rendered against them in this case on that basis. Tr. 12. Although I received such an affidavit from defendant Tong Zheng Lu, I have not received any affidavit from defendant Sheng Quiong Lou. Moreover, although I asked counsel to write to pro se defendant Miao De Zhang and to have him submit a similar affidavit, and to provide the court with a copy of their letter to Zhang, counsel have not submitted any letter sent by them to Zhang.

## CONCLUSION

For the reasons stated above, plaintiffs' motions to compel and for reconsideration are denied. **WITH RESPECT TO THE FAILURE OF DEFENDANTS LOU AND ZHANG TO SUBMIT THE AFFIDAVITS REQUIRED BY THE COURT, A CONFERENCE WILL BE HELD AT 10:30 A.M. ON MONDAY, JUNE 22, 2006. DEFENDANTS LOU AND ZHANG MUST APPEAR IN PERSON ON PAIN OF SANCTION.** Counsel for plaintiffs shall provide a copy of this order by certified mail to defendant Zhang and shall provide proof of

6

service to the court.

                              SO ORDERED.

                              _____/s/_____
                              STEVEN M. GOLD
                              United States Magistrate Judge

Brooklyn, New York
June 12, 2006

U:\LU061306.wpd