UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KAI WU LU and KWAI LING CHENG,  04 CV 1097 (CBA)

                Plaintiffs,  NOT FOR PUBLICATION
   -against-

TONG ZHENG LU, SHENG QUIONG LOU, aka  MEMORANDUM
Casey Ding, MIAO DE ZHANG, and JIN WU CAI,  AND ORDER


                DEFENDANTS.
----------------------------------------------------------------X
AMON, United States District Judge:

Plaintiffs brought this action alleging several claims based on an oral agreement, including, *inter alia*, breach of contract, fraud, breach of fiduciary duty, and tortious interference with a contract. On August 8, 2006 defendants moved for summary judgment, or, in the alternative, a transfer of this action pursuant to 28 U.S.C. § 1404(a). Plaintiffs responded on November 11, 2006, opposing defendant's motions and presenting a cross-motion for summary judgment. The parties' motions were referred to United States Magistrate Judge Steven M. Gold. On July 12, 2007, Magistrate Judge Gold issued a Memorandum and Order (the "Order") which granted defendants' motion to transfer this case to the United States District Court for the Eastern District of Missouri, and did not reach the parties respective motions for summary judgment.[1] Before the Court are plaintiffs' timely objections filed pursuant to Federal Rule of

---

[1] As Magistrate Judge Gold explained, a district court has the power to decide a motion to transfer venue even if it lacks personal jurisdiction (which has been called into question by defendants' Motion for Summary Judgment). (Order at 4.) Moreover, he correctly noted that "if a court finds that transfer is appropriate, it should defer decision on any dispositive motions to allow the transferee court an opportunity to consider the merits of the case." (Id. at 5 (citing Lyon v. Cornell Univ., No.97 Civ. 7070(JGK), 1998 WL 226193 at *2 (S.D.N.Y. May 4, 1998)).) Plaintiff does not challenge these assertions.

1

Civil Procedure 72(a).

**I.      Background**[2]

Plaintiffs Kai Wu Lu ("Kai Lu") and Kwai Ling Cheng are both residents of Philadelphia, Pennsylvania. Defendant Tong Zheng Lu ("Tong Lu") is a resident of Brooklyn, New York. Defendant Sheng Quiong Lou ("Sheng Lou") is a resident of Little Rock, Arkansas. Defendants Miao De Zhang ("Miao Zhang") and Jin Wu Cai ("Jin Cai") are residents of Springfield and Joplin, Missouri, respectively. (Revised Amended Complaint ("Compl.") ¶¶ 3-8.) This conflict arises out of an alleged oral agreement resulting from conversations that took place at plaintiff Kai Lu's restaurant in Philadelphia, Pennsylvania and defendant Tong Lu's home in Brooklyn, New York. (Def. R. 56.1 Statement ¶¶ 7-9.) These conversations regarded plaintiffs joining Tong Lu in the restaurant business in the Midwest and resulted in plaintiffs moving to Missouri in April of 2001 and working in the restaurant owned in part by defendants Tong Lu and Sheng Quiong Lou ("Sheng Lou"). (Id. ¶¶ 7-10, 17-18; Compl. ¶ 20.)

Subsequently, in February of 2002, Kai Lu and the defendants formed a corporation, Great Wall Chinese Restaurant II, Inc., and signed a lease in Joplin Missouri for their restaurant (the "Joplin Restaurant"). (Def. R. 56.1 Statement ¶¶ 21, 24). Thereafter, during the next year, plaintiffs worked in the Joplin Restaurant alongside defendant Miao Zhang, who allegedly harassed and threatened them until they left at the end of January, 2003. (Def R. 56.1 Statement ¶¶ 43-53.) After leaving, plaintiffs allege that they did not receive their share of the profits from the Joplin restaurant, either from its operation (Compl. ¶ 46-47) or from its subsequent sale to

---

[2]For additional background, the Court refers to the facts laid out in Magistrate Judge Gold's opinion. (Order at 1-4.)

2

defendant Jin Cai. (Id. ¶¶ 48-49.) This action followed, and, after several amended pleadings and the close of discovery, the parties filed the instant motions, which include the defendants' motion to transfer pursuant to 28 U.S.C. 1404(a).

## II. Discussion

### A. Standard of Review

United States Magistrate Judges have the authority to decide a motion to transfer by virtue of 28 U.S.C. § 636(b)(1)(A), which allows them to "hear and determine" most pre-trial non-dispositive motions. Pursuant to that provision as well as Federal Rule of Civil Procedure 72(a), a district judge reviews such a determination under a "clearly erroneous or contrary to law" standard. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 365 (1948); see also T.Z. v. City of New York, No. CV-05-5111, 2007 WL 2077730 at *4 (E.D.N.Y. July 18, 2007) (slip copy). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." T.Z., 2007 WL 2077730 at *4 (internal quotations omitted).

By contrast, when a dispositive motion is referred to a magistrate judge for a recommendation, it is reviewed *de novo*. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Moreover, where a district court refers a non-dispositive pre-trial motion to a magistrate judge for a recommendation, rather than a determination, the district court reviews that recommendation *de novo* as well. See The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). Plaintiff argues that because defendants' motion to transfer

was filed concurrently with cross-motions for summary judgment, and those motions were referred by this Court to Magistrate Judge Gold for a report and recommendation, the proper standard of review here is *de novo*. (Plaintiffs' Objections, filed 8/6/07 ("Pls' Objs."), at 6-7.) However, in referring the parties' dispositive cross-motions for summary judgment to Magistrate Judge Gold, this Court in no way intended to abrogate the long-standing practice in this district that all non-dispositive pretrial matters are to be heard and determined by a magistrate judge.[3] Accordingly, upon granting defendant's non-dispositive motion to transfer and failing to reach the parties' dispositive summary judgment motions, Magistrate Judge Gold correctly issued a Memorandum and Order transferring this case to the District of Missouri. Therefore, this Court will review his decision under the "clearly erroneous or contrary to law" standard prescribed by Fed. R. Civ. P. 72(a).[4]

B. Legal Standard

As noted by Magistrate Judge Gold, a district court may transfer a case "[f]or the convenience of parties and witnesses...to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[M]otions for transfer lie within the broad discretion of the district court. <u>Publicker v. U.S.</u>, 980 F.2d 110, 117 (2d Cir. 1992). In making this determination, a court undertakes a two-step process, first asking whether or not the transferee

---

[3]As Magistrate Judge Gold correctly noted, motions to transfer are considered non-dispositive and are properly decided by magistrate judges. (Order at 5 n.4 (citing, among other cases, <u>Shenker v. Murasky</u>, No. 95 CV 4692 (NG)(RML), 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996)).) Plaintiffs have not contested this.

[4]Notably, Plaintiffs expressly filed their objections pursuant to Rule 72(a), rather than 72(b). (Plaintiffs' Notice of Objection, filed 8/6/07.)

court is one in which the lawsuit may have been properly filed,[5] and second whether the transferee court is appropriate considering the convenience of the parties and the witnesses and the interests of justice. (Order at 5-6 (citing U.S. Fid. and Guar. Co. v. Republic Drug Co., Inc., 800 F. Supp. 1076, 1079 (E.D.N.Y. 1992)).)

Pursuant to the second step of the inquiry, there are several factors for a court to consider. As laid out by Magistrate Judge Gold, those factors are: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (6) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum; and (9) the interests of justice. (Order at 8 (citing Cool Wind Ventilation Corp. v. Sheet Metal Workers Int'l Ass'n., Local Union No. 28, 216 F. Supp. 2d 81, 85 (E.D.N.Y. 2002)).) Because plaintiffs expressly adopted Magistrate Judge Gold's statement of the applicable law (Pls' Objs. at 9), and, more importantly, because Magistrate Judge Gold correctly considered these nine factors, the Court now turns to their application in this case.

C.   Application

In ordering the transfer of this action to the Eastern District of Missouri, Magistrate Judge Gold found that several factors weighed in favor of a transfer and concluded that "the balance of convenience in this case 'strongly' favors transfer." (Order at 13.) He expressly found two of these factors to be particularly significant, the convenience of the likely non-party

---

[5]Magistrate Judge Gold correctly held that this action could have been brought in the Eastern District of Missouri. (Order at 6-7.) Moreover, plaintiffs have not contested this conclusion. Therefore, it need not be further addressed here.

witnesses, and the likely lack of personal jurisdiction over defendants Miao Zhang, Sheng Lou, and Jin Cai in the Eastern District of New York (under the "interests of justice" factor). Accordingly, the Court will discuss these two factors first.

Plaintiff argues that "[w]hen a party seeks the transfer on account of the convenience of witnesses...he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978) (Pls' Objs. at 9; Order at 8.) Plaintiffs argue that the defendants have failed to do so, and Magistrate Judge Gold seems to agree, at least to an extent. (Order at 8.) However, in their Motion for Summary Judgment or Transfer, filed on 8/8/07 ("Defs' Motion."), defendants identify, although not by name, the Joplin Restaurant's accountant, the property's landlord, and "the bank officers who saw the parties enter into the formal documents establishing this business" as potential witnesses whose convenience would be served by a transfer. (Defs' Motion. at 38.) Although they do not offer a general statement as to the subject matter of the testimony of these witnesses, in a case with operative facts as relatively simple as this one, it is not difficult to surmise what that testimony might be. For instance, the bank officers could offer pertinent testimony regarding the nature of the alleged agreement and understandings of the parties as they performed thereunder, and the accountant is likely to offer relevant testimony regarding the amount of money from the operation and sale of the restaurant that plaintiffs might be owed.

Moreover, Magistrate Judge Gold relied on several additional factors counseling in favor of transfer, such that this is not a case relying heavily and/or exclusively on this factor. In Factors Etc., cited by both Magistrate Judge Gold and the plaintiffs, the Second Circuit

6

addressed a fact pattern in which the defendant relied heavily on the convenience to the witnesses factor on appeal, but had not even raised the issue in the district court below, then had apparently not identified those witnesses on appeal, let along described their testimony. Id. at 218. The court concluded that under these circumstances it was not an abuse of discretion to decline to grant a transfer on the grounds of the convenience of the parties. The court did not hold that this factor was not to be considered where the movant identifies witnesses (albeit somewhat generally) who would benefit from the transfer. Therefore, the present case is distinguishable. Here, defendants have relied on this factor in conjunction with several others, have done so from the first brief they submitted on the matter, have identified the witnesses they think would benefit from a transfer to the Eastern District of Missouri and have suggested the specific benefits that those witnesses might enjoy. (Defs' Motion. at 38-39.) Accordingly, it was not "contrary to law" for Magistrate Judge Gold to consider the convenience of the defendants' potential witnesses in this case.[6]

Moreover, it was not "clearly erroneous" for Magistrate Judge Gold to conclude that the convenience of the witnesses counsels in favor of a transfer in this case. As he states, the defendants are correct to note that Missouri is a far more convenient forum than New York for the landlord of the Joplin Missouri building, the bank officers, and the accountant, whose office is in Tennessee. (Order at 8-9.) Moreover, he correctly notes that to the extent that defendant

---

[6]However, even if cases like <u>Factors Etc.</u> stand for the proposition that without a specific list of witnesses and the proposed testimony of each, a court must disregard the convenience of the witnesses factor entirely, the Court notes that in this case the other factors counseling in favor of a transfer—particularly the locus of operative facts and the interests of justice—would have left this Court without a "definite and firm conviction" that a mistake had been made.

7

Jin Cai becomes a non-party witness[7], he also resides in Missouri. (Order at 9.) Therefore, he concludes that "this factor weighs heavily in favor of a transfer. (Id.)

Plaintiffs fail to argue that these witnesses would not benefit from a transfer of this litigation to the Eastern District of Missouri. Rather, they attempt to argue that these witnesses are "collateral" and that documents could substitute for their testimony. (Pls' Objs. at 9.) First, the Court rejects the notion that certain documents are an adequate substitute for live testimony (even assuming they could be authenticated by the parties, which is not at all apparent). Moreover, elsewhere in their objections, plaintiffs concede that the testimony of the accountant is quite relevant. (Pls' Objs. at 11.) And the Court is unconvinced by plaintiffs' conclusory assertion that the testimony of bank officers and the landlord would somehow be of marginal importance considering the circumstances alleged in the Revised Complaint. Accordingly, even if the weight carried by this factor in light of the defendant's failure to give a general statement as to what testimony these witnesses might offer was overstated, this factor nevertheless does counsel in favor of a transfer.

Next, Magistrate Judge Gold relied heavily on the "interests of justice" factor–particularly the fact that personal jurisdiction over defendants Miao Zhang, Sheng Lou, and Jin Cai (to the extent that he remains a party to this action) is at a minimum questionable in the Eastern District of New York. (Order at 12-13.) Plaintiffs do little to challenge this assertion, only alluding to the possibility that defendants have waived their right to object to jurisdiction. Without going into specific findings on the issue of personal jurisdiction, the Court

---

[7]As Magistrate Judge Gold noted, defendant Jin Cai, who was added as a party in plaintiffs' amended compliant, has never answered or otherwise appeared in this action. (Order at 2 n.3.) Therefore, his status as a party at this point in the litigation is questionable.

8

agrees with Magistrate Judge Gold's concerns, and therefore finds that this issue weighs heavily in favor of transfer.

Plaintiffs instead argue that the amount of time that this case has spent pending in this district is a relevant consideration under the "interests of justice" factor of the analysis. (Pls' Objs. at 13-14.) Although they are correct with respect to its relevancy, both of the cases they cite in support of this argument's applicability here are clearly distinguishable. In Cool Wind Ventilation Corp., a broad and complex antitrust conspiracy was alleged, and a trial date had been set. See 216 F. Supp. 2d at 83, 85-86. The court determined that a transfer would constitute a significant waste of judicial resources, as well as an unnecessary burden on the transferee court—especially in light of the complexity of the case. Id. at 85-86. Similarly, in Ginsberg v. Valhalla Anesthesia Assoc., P.C., 171 F.R.D. 159 (S.D.N.Y. 1997), a pre-trial scheduling order had been signed by the parties and the parties were preparing for trial, just a few months away. Id. at 160. Moreover, the court noted that the defendant had moved for the transfer immediately after having been denied its motion to adjourn the trial date, and the court suspected that the transfer motion was an attempt to end-run that order. Id. Finally, the court noted that the transferee court suffered from a "heavy caseload and a lack of judicial personnel." Id.

This case, while it has been pending for several years, is quite different. First, it is nothing like a complex antitrust conspiracy, rather, it is a reasonably simple contract case, involving a small business formed by a few individuals and consisting of a discrete set of factual circumstances and few witnesses. Second, no trial date has been set, and the parties have certainly not signed off on a pre-trial scheduling order. Third, as noted by Magistrate Judge

Gold, defendants have consistently announced their intent to challenge venue in this action and have done so in a timely manner. (Order at 12.) And fourth, as defendants noted in their brief, the Eastern District of New York consistently has more cases pending than that of the Eastern District of Missouri—as the defendant's brief notes, sometimes several times more. (Defs' Motion. at 41-42.) In fact, in light of the relative caseloads and simplicity of this case, it is quite possible that it could proceed to trial sooner if transferred. For these reasons, as well as the reasons stated in Magistrate Judge Gold's Order (at 11-13), the Court finds that the "interests of justice" factor weights heavily in favor of transfer.

In addition to the two factors discussed above, Magistrate Judge Gold found that the availability of process and the locus of operative facts also weighed in favor of transfer. With respect to the availability of process, he noted, and plaintiffs concede, that the bank representatives and landlord are subject to service of process in Missouri, but not in New York. (Order at 9; Pls' Objs. at 11.) Additionally, defendant Jin Cai, to the extent that he becomes a non-party witness, is also a Missouri resident and hence subject to service of process there, but not in New York. (Order at 9.) Moreover, plaintiff has not identified one non-party witness who is subject to service of process in New York but not Missouri. Accordingly, it was not clearly erroneous for Magistrate Judge Gold to conclude that this factor weighs in favor of transfer.

Additionally, Magistrate Judge Gold concluded that the locus of operative facts favored transfer, noting that "[t]he overwhelming majority of events pertinent to the plaintiffs' claims occurred in the Eastern District of Missouri." (Order at 9.) The Court agrees. Despite the fact that a portion of the early discussions between Kai Lu and Tong Lu regarding a business venture occurred in Tong Lu's Brooklyn, New York home, that one fact is dwarfed when compared to

the fact that virtually every other event relevant to this litigation occurred in Missouri. Additionally, it seems that even the oral agreement alleged, for which negotiations began on the east coast, was at least in part negotiated in Missouri. (Def. R. 56.1 Statement ¶¶ 18-25.) And, of course, all of the events that led to the demise of the partnership and the filing of this lawsuit happened in Missouri, at the Joplin Restaurant. Therefore, it was not clearly erroneous for Magistrate Judge Gold to conclude that this factor weighs strongly in favor of transfer.

Finally, as to the remainder of the nine factors, Magistrate Judge Gold essentially concluded that each did not weigh either in favor of or against transfer. First, he correctly observed that while a plaintiff's choice of forum is typically afforded great weight, it is a far less compelling factor where the plaintiff has not filed in his home state and where a great majority of the operative facts did not take place in the chosen forum. (Order at 11.) See Aktiengesellschaft v. Milwaukee Elec. Tool Corp., No. 04 CV 626 (ARR)(ASC), 2004 WL 1812821 at *7 (E.D.N.Y. July 19, 2004). Further, because this litigation has almost no material connections to New York, plaintiffs' choice of forum is entitled to only minimal weight, at best. See Cali v. East Coast Aviation Servs., Long term disability., 178 F. Supp. 2d 276, 292 (E.D.N.Y. 2001). Therefore, this factor, normally a significant factor against transfer, was properly entitled to only very minimal weight, if any.

Second, Magistrate Judge Gold observed, with respect to the convenience of the parties, that plaintiffs reside in Philadelphia, Pennsylvania, and that the defendants reside one in New York, two (if Jin Cai is to be considered a defendant) in Missouri, and one in Arkansas. He concluded that this factor "merely shifts the inconvenience," and therefore does not cut one way

11

or the other.[8]  (Order at 9.)  However, the Court further notes that in light of the fact that three of the defendants—Sheng Lou, Miao Zhang, and Jin Cai—not only do not reside in New York, but have quite possibly not even subjected themselves to personal jurisdiction there, while all parties have significant ties to Missouri resulting from their business venture, that this factor could be said to weigh in favor of a transfer.  Nevertheless, it was not clearly erroneous for Magistrate Judge Gold to conclude that it does not weigh in favor of one party or the other.

Third, with respect to governing law, Magistrate Judge Gold found that it did not favor transfer, noting that the relevant law of New York and Missouri are essentially they same.  (Order at 10-11.)  Plaintiffs agree.  (Pls' Objs. at 12-13.)  Therefore, this factor does not counsel in favor or against transfer.

Finally, with respect to the location of documents and other evidence and the relative means of the parties, Magistrate Judge Gold declined to consider these factors because the parties had not addressed them.  With respect to the former, in their objections, plaintiffs argue that this factor does not favor transfer, because all relevant documents have already been exchanged.  (Pls' Objs. at 11-12.)  Therefore, while this factor certainly does not favor transfer (nor was it relied upon by Magistrate Judge Gold), it does not weigh against transfer either.

With respect to the relative means of the parties, plaintiffs argue that plaintiff Kai Lu suffered a head injury that might prevent him from taking certain kinds of work.  They argue that defendants, on the other hand, are experienced investors in the restaurant business.  (Pls' Objs. at 12.)  Even assuming that it were appropriate for plaintiffs to raise this issue for the first time now (which their own cases suggest it is not, see Factors Etc., 579 F.2d at 218 (criticizing the

---

[8]Plaintiffs agreed.  (Pls' Objs. at 10.)

defendant for not raising the convenience of witnesses factor at the district level then doing so on appeal)), plaintiffs' argument is unconvincing.  This is not a case where the parties are a large corporation and an individual.  See Chong v. Healthtronics, Inc., No. CV-06-1287 (SJF)(MLO), 2007 WL 1836831 at *13 (E.D.N.Y. June 20, 2007) ("Since plaintiff is an individual and defendant is a corporation, the 'relative means of the parties' factor weighs in favor of plaintiff."); Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) ("Where disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered."); c.f. Ripmax v. Horizon Hobby, Inc., No. 3:07-CV-386 (JCH), 2007 WL 2049033 at *5 (D. Conn. June 25, 2007) ("[T]he relative weight of the parties is entitled to little weight where both parties are corporations.").  Here, despite plaintiffs' unsupported assertion about Kai Lu's health, the Court has no basis to conclude that there is the sort of material financial disparity between the parties as would exist between and individual plaintiff and a large corporation.

After considering all of the factors, this court cannot say that it is "left with the definite and firm conviction that a mistake has been committed."  Accordingly, it was not clearly erroneous for Magistrate Judge Gold to hold that transfer to the Eastern District of Missouri in this case was appropriate.

## III. Conclusion

For the foregoing reasons, the Memorandum and Order issued by Magistrate Judge Gold is hereby affirmed. This case shall be transferred to the United States District Court for the Eastern District of Missouri.

SO ORDERED.

Dated: Brooklyn, New York
September 12, 2007

                                          Carol Bagley Amon
                                          United States District Judge